The Chancellor.
The bill sets out that the defendant, Halsey, was indebted to one A. O. S. Haines, in the sum of $474.89, and gave him a certain note or obligation for the debt, “ which said note or obligation remains in the custody of the said A. O. S. Haines, ready to be produced,”. &c.; that a mortgage was given, by Halsey and wife to Haines, to secure the payment of the note; that the mortgage was assigned to the complainant for a valuable consideration. The bill does not allege any assignment of the note or obligation.
The demurrer is sought to be sustained on the ground that the bill does not show that the complainant is the assignee of the mortgage debt. The mortgage is merely security for the debt, and cannot be separated from it. The complainant is not entitled to a decree upon the mortgage, unless he is entitled to the payment of the debt which the mortgage is given to secure. A decree is made upon the mortgage for the purpose of paying the debt, and extinguishes it to the amount which the mortgaged premises sell for. But a technical assignment of the obligation which accompanies the mortgage is not necessary. It is sufficient if the bill shows substantially that the debt belongs to the complainant. The same technicality in pleading is not required in a court of equity as in a court 'of law. It is true the bill states that the obligation, which is the evidence of the debt, is in the custody of A. O. S. Haines, the original mortgagee. This would seem to imply that the obligation and debt belong to A. O. S. Haines. But the bill then states that the complainant is ready to produce the obligation. This implies that the complainant has the control of the debt. But the bill goes further, and alleges that the sum of four hundred and seventy-four dollars and eighty-nine cents, being the principal money mentioned in the said note or obligation, and intended to be secured by the said mortgage, is due and unpaid to the complainant with lawful interest. The demurrer admits all the allegations of the bill. It *29 admits, then, that the complainant can produce the evidence of the debt, and that the debt is due and owing to the complainant. This is enough to show that the debt belongs to the complainant, without showing that the evidence of it has been technically assigned to him. It is said, in argument, that Haines has an interest in the debt and mortgage, and sbonld, therefore, have been made a party to the suit. It does not appear that Haines has any interest. The bill shows only that he held the obligation as the agent of the complainant, and not because he has any interest in it.
The demurrer must be overruled. If Haines has such an interest in the debt and mortgaged premises as to make him a necessary party to the suit, or if the complainant is not entitled to the debt, the defendant may set up these facts by his answer, and have the benefit of them.